## Richmond

CHARLOTTESVILLE NEWSPAPERS, INC., DOUGLAS PARDUE,
AND BENJAMIN F. CRITZER v. DAVID F. BERRY,
JUDGE OF THE CIRCUIT COURT OF
ALBEMARLE COUNTY.

June 19, 1974.

Record Nos. 740463 and 740464.

*John C. Lowe (Edward L. Hogshire; Lowe & Gordon,* on brief),
for petitioners.

*James E. Kulp, Assistant Attorney General (Andrew P.
Miller, Attorney General,* on brief), for respondent.

*E. Barrett Prettyman, Jr., [D.C.] (Robert S. Bennett; George
R. St. John, County Attorney for Albemarle County; Alexander
Wellford; Hogan & Hartson [D.C.]; Christian, Barton, Epps,
Brent & Chappel,* on briefs), for intervenors.

*(Leon Ely,* on *amicus curiae* brief), for Virginia Press
Association.

This cause now comes on: upon the petition of Charlottesville
Newspapers, Inc., Douglas Pardue, and Benjamin F. Critzer for
a writ of prohibition and a writ of mandamus; upon the grounds
of defense of the respondent, David F. Berry, Judge of the
Circuit Court of Albemarle County; upon the petition of the
Board of Supervisors and Administration of Albemarle County
to intervene and for further relief; upon the motions heretofore

granted for leave to intervene and to file briefs; upon the motion of Reporters Committee for Freedom of the Press (Legal Defense and Research Fund), Charles S. Rowe, Edward W. Jones, and Joseph Dunn for leave to intervene and to file briefs, which leave is granted; upon the stipulation of facts by the parties as set forth at pages 1 and 2 of the petitioner's brief; upon the briefs and exhibits filed; and upon oral argument of counsel heard on Wednesday, June 5, 1974, this cause having been thereupon taken under advisement by this Court.

This Court finds it unnecessary to decide the constitutional issues raised in this case. Proceeding to determine the case upon the other issues raised, this Court finds that:

1. By written order of April 23, 1974, the respondent, as Judge of the Circuit Court of Albemarle County, directed that the public be denied access to the pleadings, motions, and suit papers in all new civil actions filed in that court until 21 days have elapsed from the date of such filing;

2. The County Attorney of Albemarle County having, on May 14, 1974, filed in the Clerk's Office of the said Circuit Court, a motion on behalf of the Board of Supervisors and Administration of Albemarle County for the dismissal of a special grand jury theretofore empanelled and for other relief as set forth in the motion, on that day the respondent verbally ordered that the motion be kept with the court file pertaining to the special grand jury, which file was in the personal possession of the respondent, and that the motion and all other pleadings and documents pertaining to the special grand jury be maintained in secret without access by the public;

3. On May 14, 1974, a hearing upon the said motion of the Board of Supervisors and Administration was held in the courtroom of the Circuit Court, from which hearing the public was, by verbal order of the respondent, excluded; all persons present were verbally ordered by the respondent to refrain from a disclosure of any matter which took place; and the said motion was set for later hearing on the merits in closed session.

4. The sole justification for the verbal orders of May 14, 1974, is the respondent's "belief" that the said motion of the Board of Supervisors and Administration "was a direct attack upon the integrity of the special grand jury and for such matters to be made public while the grand jury was in session would have the

effect of undermining the integrity of the grand jury and of interfering with the grand jury's investigation";

■ 5. There is no statutory authority for the said actions of the respondent, nor is there in the record anything justifying such actions under his inherent power;

It is therefore ordered that:

I. The respondent shall not enforce the order of April 23, 1974, so as to deny public access to all pleadings, motions, and suit papers in all new civil actions filed in the Circuit Court of Albemarle County;

II. The respondent shall permit public access to, and shall conduct in public any hearing that may be held upon, the said motion of the Board of Supervisors and Administration filed on May 14, 1974;

III. Except as may be necessary to enforce rules of exclusion, separation, and sequestration of witnesses, the respondent shall impose upon no person an obligation of secrecy with respect to any hearing which may be held by the court concerning the said motion of the Board of Supervisors and Administration.

■ Nothing in this order shall be construed to permit, in any hearing that may be held concerning the said motion of the Board of Supervisors and Administration, invasion of the secrecy of the proceedings before the special grand jury. Nor shall anything in this order be construed to indicate that the Board of Supervisors and Administration or any other party has standing to seek dismissal of the special grand jury upon the grounds asserted in the said motion or upon any other grounds.

The prayer of the intervenors, Board of Supervisors and Administration of Albemarle County, that they be provided a transcript of the hearing of May 14, 1974, is denied without prejudice to their right to request such transcript in the Circuit Court, pursuant to the provisions of Rule 1:3, Rules of Court.

It is further ordered: that the orders of the Circuit Court of Albemarle County which may be in conflict herewith be, and the same hereby are, declared unenforceable; that the effect of this Court's order of May 23, 1974, which stayed the proceedings in the said Circuit Court and provided for the recess of the special grand jury, be, and the same hereby is, terminated; and that the

entry of this order and certification of copies hereof to all parties hereto shall be final.

Nothing further remaining to be done herein, this cause is hereby stricken from the docket.

A Copy,

Teste:

H. G. TURNER, Clerk